UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MICHAEL DIFRIETUS,

                      Plaintiff,          22-CV-5530

      -against-                  **COMPLAINT**

THE LONG ISLAND RAILROAD COMPANY,    **PLAINTIFF DEMANDS TRIAL BY JURY**

                      Defendant.
----------------------------------------X

    Plaintiff, **MICHAEL DIFRIETUS**, complaining of defendant, by his attorneys, **LAW OFFICE OF PHILIP P. VOGT, PLLC.**, respectfully shows to this Court and alleges, upon information and belief:

**PRELIMINARY STATEMENT**

    Plaintiff, MICHAEL DIFRIETUS, an employee of the defendant, THE LONG ISLAND RAILROAD COMPANY, was injured in the course of his employment for the defendant on May 20, 2021, in the parking lot of Meeting House Creek Park, on Meeting House Creek Road, Riverhead, New York, 11901, by reason of its failure to provide him with a safe work-place.

**JURISDICTION AND VENUE**

    **FIRST:** The action herein arises under the Federal Employers' Liability Act, Title 45, United States Code Annotated, §§51-60, as hereinafter more fully appears.

1

**SECOND**: The place of the occurrence giving rise to this action is located in Suffolk County in the State of New York.

## THE PARTIES

**THIRD**: The plaintiff, MICHAEL DIFRIETUS, is a resident of the County of Suffolk, and State of New York, and at all times hereinafter mentioned, was employed by the defendant, THE LONG ISLAND RAILROAD COMPANY, as a Plumber in the Engineer Structural Department.

**FOURTH**: At all times herein mentioned, the defendant, THE LONG ISLAND RAILROAD COMPANY (hereinafter "LIRR"), was a railroad corporation organized and existing under and by virtue of the laws of the State of New York.

**FIFTH**: At all times herein mentioned, the defendant, LIRR, was and still is doing business in the County of Queens, City and State of New York.

**SIXTH**: At all times herein mentioned, the defendant, LIRR, was and now is a common carrier by rail engaged in interstate commerce between different states in the United States.

## AS AND FOR A FIRST CAUSE OF ACTION

**SEVENTH**: On May 20, 2021, the plaintiff, MICHAEL DIFRIETUS, was working for the LIRR, in his trade as a Plumber, in the parking lot of Meeting House Creek Park on Meeting House Creek Road in Riverhead, New York, 11901.

2

**EIGHTH:** On the date aforesaid, while plaintiff was working at the area described in paragraph "SEVENTH" above, he was caused to sustain an injury to his back, when after completing work for the day on an LIRR culvert, he was lifting, with two other employees, a large and heavy water pump from the ground onto the back of LIRR work-truck #163, which lacked a mechanical lift gate, and also lacked a ramp, with resultant concomitant pain, suffering, and disability as a result of the negligence of defendant, its agent, servants and/or employees.

**NINTH:** Plaintiff's duties generally in defendant LIRR's employ were substantially in furtherance of interstate commerce, and directly, closely, and substantially affected such commerce.

**TENTH:** At the time of the said occurrence, plaintiff was engaged in duties for defendant LIRR in furtherance of interstate commerce, said duties directly, closely, and substantially affecting such commerce.

**ELEVENTH:** Said occurrence and the injuries resulting therefrom were the result of the negligence of defendant, its agents, servants and employees in the following respects: in that employees of defendant were careless and negligent in the performance of their duties; in that defendant's employees were negligent in the operation and work of defendant's railroad business; in that defendant maintained its railroad equipment in an improper, defective and dangerous condition; in that

3

defendant failed to provide plaintiff with a safe place in which to work and with safe equipment and safe work methods with which to work; in that employees of defendant failed to take proper precautions to prevent the injury sustained by plaintiff; in that defendant failed to make proper and adequate provision for the safety of plaintiff; in that defendant failed to promulgate and enforce proper and safe rules for the safe conduct of the work and operation of its railroad; in failing to guard against those risks and/or dangers which defendant knew or by the exercise of due care should have known; in failing to exercise reasonable care to provide plaintiff with a safe place to work, reasonably safe conditions in which to work and reasonably safe tools, work methods and equipment; in failing to inspect the place of work and work procedure; in failing to exercise reasonable care in assigning this particular task to plaintiff; in failing to consider the plaintiff's particular physical condition before assigning the tasks to him; in negligently instructing the plaintiff to perform tasks with a procedure or method which would result in injury; in causing, allowing, suffering and/or permitting said workplace to be and remain in an unsafe, dangerous, precarious and dangerous condition; in failing to warn plaintiff of the dangers associated with the prescribed work method being employed; in failing to provide plaintiff with an adequate number of coworkers to assist in

4

lifting the large and heavy water pump; in requiring the plaintiff to lift an object of weight in excess of the maximum weight required by the job specifications for plumbers; in failing to provide the plaintiff with proper number of coworkers to lift the large and heavy pump; in failing to provide the plaintiff a mechanical device to assist in the lifting of the large and heavy pump; in failing to provide the plaintiff with a truck with a mechanical lift gate to lift the large and heavy pump off of the ground; in failing to provide some mechanical means for lifting the pump onto the truck; in failing to provide a ramp for the plaintiff to roll the pump up onto the back of the truck as the pump had wheels; in violating its own safety rules and regulations and accustomed practice in the industry including LIRR Safety Rules 1.01.1 in failing to protect fellow employees; 1.01.6 in failing to make sure employee was familiar with and complied with all safety rules; in failing to inform plaintiff of the unusual hazard at said work site; in failing to continuously supervise the work for compliance with safe work practices; 1.02.2(3) in failing to assess the work area for hazards and the need for protective equipment; 100.0.1 in failing to create a safe work environment; 100.0.4 in failing to keep the work area clean, orderly and free of unprotected hazards; 200.1(3) in failing to warn of unsafe conditions; 200.3(1) in failing to ensure work was done in a safe manner,

(2) in failing to observe and correct or instruct the plaintiff, (3) in failing to warn and continuously observe and supervise the work, (4) in failing to instruct the plaintiff about the potential hazard; 300.3, in failing to inspect the work site for dangerous conditions and take action to prevent harm; 1800.1.1.2 in requiring plaintiff to lift a load that was too heavy; 1800.1.1.3 in failing to provide plaintiff with a mechanical lifting device, a ramp, or extra coworkers to lift the large and heavy pump; 2700.1.2 ergonomics/awkward postures in failing to provide assistance either mechanical or human in lifting and lifting from awkward postures; 2700.1.3 ergonomics/minimizing repetition in failing to provide job rotation policies to alternate muscle groups between successive job functions; in violating the Federal Employers' Liability Act, 45 USC § 51, and the rules and regulations promulgated thereunder; in violating OSHA regulations 29 CFR 1910.22 (d) in failing to perform inspections regularly and as needed of the work site; in failing to maintain the work site in a safe condition; in failing to remove the work site from use until repairing said hazardous condition; 1926.20 (b)(2) in failing to perform frequent and regular inspections of the job sites, materials, and equipment to be made by competent persons to discover hazards; 1926.21 (b)(2) in failing to instruct each employee in the recognition and avoidance of unsafe conditions and the regulations

6

applicable to his work environment to control or eliminate any hazards or other exposure to illness or injury; and in violating accustomed practice in the industry.

**TWELFTH:** Said occurrence and the injuries resulting therefrom were due wholly and solely to the negligence of defendant, its agents, servants and employees, and the defects in defendant's property and equipment as aforesaid, without any fault or negligence on the part of plaintiff contributing thereto.

**THIRTEENTH:** By reason of the premises, plaintiff was severely and seriously injured; suffered and will continue in the future to suffer pain and injury; has become sore, lame and disabled, and will be permanently injured; has lost and will lose in the future sums of money which he otherwise would have earned; has been compelled to spend sums of money and incur liability for medical treatment and medicine, and will incur such expenses in the future.

**FOURTEENTH:** By reason of the premises, plaintiff has been damaged in the sum which exceeds the minimum jurisdictional requirements of this Court.

**FIFTEENTH:** Pursuant to Federal Rules of Civil Procedure Rule 38, plaintiff, MICHAEL DIFRIETUS hereby demands a trial by jury in the above-captioned action of all issues triable by jury.

7

## AS AND FOR A SECOND CAUSE OF ACTION

**SIXTEENTH**: Plaintiff, MICHAEL DIFRIETUS, repeats, reiterates and re-alleges each and every allegation contained hereinabove in paragraphs "FIRST" through "FIFTEENTH" inclusive with the same force and effect as if hereinafter set forth fully at length.

**SEVENTEENTH**: That the defendant's violation of 29 CFR Parts 1910 and 1926 as set forth above constitutes negligence *per se*.

**EIGHTEENTH**: The sections of 29 CFR 1910 and 1926 set forth in the FIRST CAUSE OF ACTION are the type of statutes referred to in 45 U.S.C. Section 53 and 54a and pursuant to 45 U.S.C. Sections 53 and 54a the defense of comparative negligence is unavailable to the defendant in this case.

**NINETEENTH**: By reason of the premises, plaintiff has been damaged in a sum which exceeds the minimum jurisdictional requirements of this Court.

**TWENTIETH**: Pursuant to Federal Rules of Civil Procedure Rule 38, plaintiff, MICHAEL DIFRIETUS hereby demands a trial by jury in the above-captioned action of all issues triable by jury.

**WHEREFORE**, plaintiff demands judgment against the defendant on each cause of action in a sum which exceeds the minimum jurisdictional requirements of this Court, together with the costs and disbursements of this action.

Dated:   New York, New York
         September 15, 2022

                              Respectfully submitted,

                              **LAW OFFICE OF PHILIP P. VOGT, PLLC**
                              Attorneys for Plaintiff

By: _____
     PHILIP P. VOGT - PV0377
     5 Penn Plaza, 23rd fl.
     New York, New York 10001
     (212) 835-1640
     PhilipPVogt@PVogtlaw.com